IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VALERIE BERUBE                                                                    PLAINTIFF

v.                                   CIVIL NO. 19-cv-05001

ANDREW SAUL,[1] Commissioner                                                      DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Valerie Berube, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying her claim for supplemental security income ("SSI") benefits under the provisions of Title XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her application for SSI on April 10, 2015. (Tr. 24). In her application, Plaintiff alleged disability beginning on April 10, 2015, due to: nerve damage in her back, heart problems, hernia, fibroid tumors, pinched nerves, prolapsed bladder, and prolapsed rectum. (Tr. 24, 3644). An administrative hearing was held on May 12, 2016, at which Plaintiff's counsel appeared and explained Plaintiff was present but had her children with her, and the ALJ postponed the hearing. (Tr. 3448-51). A second administrative hearing was held on January 5, 2017, at which Plaintiff represented herself and testified. (Tr. 3390-3445).

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated February 2, 2018, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: mild osteoarthritis/degenerative disc disease of the lumbar spine, lumbago, mild osteoarthritis of the right knee, stress incontinence, and obesity. (Tr. 21, 26-28). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 28). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 CFR416.967(b). (Tr. 28-32).

The ALJ found Plaintiff had no past relevant work. (Tr. 32). The ALJ then determined that, based upon Plaintiff's RFC, age, education and work experience in conjunction with the Medical-Vocational Guidelines, a finding of not disabled was directed by Medical-Vocational Rule 202.20. (Tr. 32-33).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 16, 17).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial

evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff's sole argument on appeal is that the ALJ erred in failing to properly consider Plaintiff's lichen sclerosus.[2] (Doc. 16). The Commissioner argues the ALJ's not specifically discussing lichen sclerosus in the RFC assessment was not reversible error as Plaintiff's complaints associated with the condition were considered, and neither Plaintiff's treating physicians nor consultative examiner Dr. Karas opined functional restrictions regarding lichen sclerosus. (Doc. 17). The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 19th day of February 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

---

[2] Lichen sclerosus is an uncommon condition that creates patchy, white skin that appears thinner than normal. It usually affects the genital and anal areas. Complications of lichen sclerosus include painful sex, urinary retention, and constipation. People with lichen sclerosus are also at an increased risk of squamous cell carcinoma of the affected area. *See lichen sclerosus, at* https://www.mayoclinic.org/diseases-conditions/lichen-sclerosus/symptoms-causes/syc-20374448. (last accessed Feb. 14, 2020).